UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wendy Chao and Ann Marie Chao, | Civil Action No.: 5:13-CV-0061 (DNH/TWD) |
| Plaintiffs, | |
| v. | |
| Budzik & Dynia, LLC d/b/a Dynia & Associates, LLC; and DOES 1-10, inclusive, | COMPLAINT |
| Defendants. | |

For this Complaint, the Plaintiffs, Wendy Chao and Ann Marie Chao, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Wendy Chao (hereafter "Wendy") and Ann Marie Chao (hereafter "Ann Marie," and together with Wendy the "Chaos" and/or "Plaintiffs"), are adult individuals residing in Syracuse, New York, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Budzik & Dynia, LLC d/b/a Dynia & Associates, LLC ("Budzik"), is an Illinois business entity with an address of 4849 N. Milwaukee Avenue, Suite 801, Chicago, Illinois 60630, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Budzik and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Budzik at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Wendy allegedly incurred a financial obligation in the approximate amount of $760.25 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Budzik for collection, or Budzik was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Budzik Engages in Harassment and Abusive Tactics

12. In August 2012, Defendants began placing up to three calls a day to Plaintiffs at their residential telephone in an attempt to collect the Debt.

13. During the initial communication with Defendants, Wendy's daughter Ann Marie informed Defendants that Wendy was not available.


14. Defendants stated that call concerned a "personal business matter" and requested that Ann Marie provide Defendants with Wendy's work telephone number.

15. When Ann Marie stated that Wendy did not have a work telephone number Defendants threatened to call Wendy at her place of employment if Wendy failed to return Defendants' call.

16. On another occasion, Defendants asked Ann Marie to verify last four digits of Wendy's social security number.

17. Ann Marie stated that she did not wish to do so. Despite the foregoing, Defendants collector read Wendy's full social security number and date of birth to Ann Marie.

18. Ann Marie requested that Defendants cease calls and contact Wendy by mail only.

19. Despite Ann Marie's requests, Defendants continued to place up to three calls a day to Plaintiffs at their residential telephone in an attempt to collect the Debt.

20. The calls were so disturbing and frequent that Plaintiffs were forced to obtain a new telephone line at the end of November 2012.

21. Shortly thereafter, Defendants began placing calls to the new telephone number as well.

22. On December 4, 2012, Defendants mailed Wendy a letter. The letter contained the notice required by 1692(g) of the FDCPA providing Wendy with a right to dispute the debt. The letter also contained a threat of a possible lawsuit, thus overshadowing Wendy's right to dispute the Debt.

C. **Plaintiffs Suffered Actual Damages**

23. The Plaintiffs have suffered and continue to suffer actual damages as a result of

the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

25. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants' threat of a legal action against Wendy overshadowed Wendy's right to dispute the Debt.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully pray that judgment be awarded in the Plaintiffs' favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiffs

actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    2.  Against each of the named the Defendants, awarding the Plaintiffs statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    3.  Against the named the Defendants, jointly and severally, awarding the Plaintiffs recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

    4.  Against the named the Defendants, jointly and severally, awarding the Plaintiffs punitive damages in such amount as is found appropriate; and

    5.  Granting the Plaintiffs such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 16, 2013

    Respectfully submitted,

    By __/s/ Sergei Lemberg_____

    Sergei Lemberg (SL 6331)
    LEMBERG & ASSOCIATES L.L.C.
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile:  (203) 653-3424
    Attorneys for Plaintiffs